UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FRED FOREST,
   Plaintiff,

   vs.                                                  No. 09-1026, 10-1081,

STEPHEN CULLINAN, et al.,
   Defendants.

## CASE MANAGEMENT ORDER

     This cause is before the court for consideration of the plaintiff's motion to consolidate two cases: *Forest v Cullinan,* Case No. 09-1026 and *Forest v. Huston,* Case No. 10-1081, [d/e 32]; and the defendants motion to dismiss *Forest v. Huston,* Case No. 10-1081 [d/e 15] .

## I. BACKGROUND

     On January 23, 2009, the pro se plaintiff, filed this complaint pursuant to 42 U.S.C. §1983 against 12 named defendants claiming that his constitutional rights were violated at the Peoria County Jail and the Tazewell County Jail. The plaintiff stated that while he was in federal custody, he was housed at the Peoria County Jail from September 5, 2007 to March 31, 2008. The plaintiff was then transferred to the Tazewell County Jail from March 31, 2008 to May 12, 2008 while still in Federal Custody.

     The plaintiff properly alleged that Defendants Dr. Stephen Cullinan, Dr. M. Honan and Tazewell County Jail Medical Admissions Supervisor Renee Alexander were deliberately indifferent to his serious medical condition in violation of the Eighth Amendment. The plaintiff is an insulin dependant diabetic, but says he was denied insulin shorts for 65 days at the Peoria County Jail, and then given the wrong dosage. At the Tazewell County Jail, the plaintiff says he remained under the care of Dr. Stephen Cullinan, but says he was still denied insulin shots. The plaintiff alleges that he suffered additional medical problems as a result of the defendants conduct.

     After merit review, the court dismissed some defendants because either they were not the proper defendants or the plaintiff had failed to state how they were involved in his allegations. *See* March 5, 2009 Merit Review Order. Therefore, the court dismissed the Peoria County Jail, the Tazewell County Jail, the Federal Bureau of Prisons, the Bureau of Prisons Director Harley Lappin, Peoria County Sheriff Michael McCoy, Peoria County Jail Superintendent Steven Smith, Tazewell County Sheriff Robert Huston, Tazewell County Jail Superintendent Earl Helm, and Peoria County Jail Medical Admissions Supervisor April Wilson. The court also informed the

1

plaintiff that if he "has evidence that any of these individuals were responsible for denying or delaying his medical care, he may file an amended complaint. The amended complaint must contain all allegations and must not make reference to the original complaint." March 5, 2009 Merit Review Order, p. 3. No amended complaint was filed.

On April 1, 2010, a second complaint was filed *Forest v. Huston,* Case No. 10-1081. In this case, the plaintiff was represented by counsel and paid the $350 filing fee in full. The court found that the plaintiff has properly alleged that Defendants Robert Huston and Earl Helm of the Tazewell County Jail had violated the plaintiff's constitutional rights when they failed to provide him medical care for his serious medical condition. The claims were against the two defendants in their individual and official capacities. April 20, 2010 Text Order.

On October 14, 2009, counsel entered his appearance on behalf of the plaintiff in his first lawsuit, *Forest v Cullinan,* Case No. 09-1026.

## II. MOTION TO CONSOLIDATE

Plaintiff Forest has now filed a motion to consolidate the two cases because they incidents "arise out of the same transactions or occurrences." (Mot., p. 1) The plaintiff says no depositions have been taken in the initial case, and same witnesses are needed in both actions. In addition, the plaintiff is now housed in a federal institution in Loretto, Pennsylvania. The plaintiff says the testimony of these medical providers will be necessary for both cases and consolidating would reduce expenses for the parties.

The defendants have filed a motion to dismiss in the plaintiff's second case, *Forest v. Huston*, Case No. 10-1081 [d/e 15]. The defendants argue that the same claims against Defendants Huston and Helm were dismissed in the plaintiff's initial case, *Forest v Cullinan*, Case No. 09-1026, during merit review. The defendants claim the plaintiff is not entitled to a "second bite at the apple," and his claims are barred by the doctrine of *res judiciata*. (Def. Mot, p. 1)..

The plaintiff argues that the doctrine of *res judicata* does not apply to this case because the claims were not dismissed with prejudice and no final judgement was entered in the initial case.

The court encouraged the plaintiff to file additional claims against the dismissed defendants in his original case if he had evidence that they participated in the violation of his constitutional rights. March 5, 2009 Merit Review Order, p. 3. Unfortunately, instead of providing this information in a motion to amend his original complaint, the plaintiff chose to file a new lawsuit. However, the plaintiff was proceeding pro se when he filed his first lawsuit and this may have lead to some of the confusion. The court agrees the defendants were not dismissed with prejudice. Therefore, the court will deny the defendants motion to dismiss. [d/e

2

15] and will allow the plaintiff's motion to consolidate the two cases. [d/e 32] The initial case, *Forest v Cullinan,* Case No. 09-1026, will now be the lead case, and ALL FUTURE FILINGS MUST BE FILED IN THIS CASE ONLY.

The court will also grant the plaintiff's motion to vacate current discovery and dispositive motion deadlines.[d/e 33] The court will now abide by the following deadlines: 1) all discovery must be completed on or before March 31, 2011; and 2) any dispositive motion must be filed on or before April 29, 2011.

**IT IS THEREFORE ORDERED:**

**1) The plaintiff's motion to consolidate *Forest v Cullinan,* Case No. 09-1026 and *Forest v. Huston,* Case No. 10-1081, is granted. [d/e 32]. The plaintiff's original case, *Forest v Cullinan,* Case No. 09-1026, is now the lead case, and ALL FUTURE FILINGS MUST BE FILED IN THIS CASE ONLY.   This case management order shall be filed in both cases.**

**2) The defendants motion to dismiss *Forest v. Huston,* Case No. 10-1081 is denied [d/e 15].**

**3) The plaintiff's motion to vacate current discovery and dispositive motion deadlines is granted. [d/e 33, *Forest v Cullinan,* Case No. 09-1026]  The court will now abide by the following deadlines: 1) all discovery must be completed on or before March 31, 2011; and 2) any dispositive motion must be filed on or before April 29, 2011.**

Entered this 8th Day of October, 2010.


\s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE